# SUPREME COURT.

### SIDNEY P. NICHOLS agt. CHARLES F. McLEAN.

*Office and officer — Emoluments of office attach to the true and not to the mere colorable title — Action may be maintained by a person entitled to hold an office against one who has unlawfully obtained possession of the same for the emoluments or salary attaching to such office.*

Where one has unlawfully obtained possession of an office to which another had been legally appointed, the latter may maintain an action against the former for the emoluments or salary attaching to the office and received by the incumbent.

Nor is it necessary that in a case of this character there should have been a judgment of ouster against the defendant before the plaintiff is entitled to bring his action.

The right to the salary and emoluments of a public office attach to the true and not to the mere colorable title; and in an action brought by a person claiming to be a public officer for the fees or compensation given by law his title to the office is in issue; and if that is defective and another has the real right, although not in possession, the plaintiff cannot recover. Actual incumbency merely gives no right to the salary or compensation.

Where, as in this case, the defendant's title to the office depended entirely upon the action of the mayor, any claim which he may have had to such position necessarily fell with the reversal of the decision of the mayor.

*Special Term, April,* 1882.

ACTION to recover $4,700 salary received by Mr. McLean, as police commissioner, from April 17, 1879, to February 7,

1880. Mr. Nichols was removed from the office of police commissioner by Mayor Cooper at the former date for alleged misconduct and was reinstated at the last named date.

*John D. Townsend,* for plaintiff.

*Henry E. Knox, Malcolm Graham* and *Francis N. Bangs,* for defendants.

LAWRENCE, *J.*—It is conceded in this case that the plaintiff was on the 4th day of May, 1876, appointed one of the commissioners of the police department of the city of New York, and that he qualified as such and entered upon the performance of his duties, and continued in the performance of the same until the mayor of the city took the proceedings for his removal which have since been determined by the courts to have been abortive, illegal and of no effect (*See People* agt. *Cooper,* 21 *Hun,* 517, 518; *S. C.,* 58 *How. P. R.,* 358).

The appointment of the defendant was based upon the supposition that the erroneous judgment of the mayor was legal and effective, and consequently it seems to follow that as that judgment has been vacated and set aside, that all persons claiming title under that judgment are affected by such reversal. If the mayor had taken no proceedings against the plaintiff, he would have confessedly remained in office for a full term of six years, under chapter 300 of the Laws of 1874.

The defendant claims that that term was shortened or decreased by the act of the mayor. He relies therefore upon an act of the mayor, which, as we have seen, was of no effect; and the judgment having been vacated, I do not see how it can be pretended that the defendant can have acquired any rights thereunder as against the plaintiff.

It is contended by the counsel for the defendant that as the defendant was not a party to the *certiorari,* he is not bound by the judgment rendered in that proceeding. In this view

I do not concur. The defendant derived his whole title to the office from the action of Mayor Cooper. If that action was illegal, the defendant had no title; and that it was illegal, as above stated, has already been determined.

It is undoubtedly a general rule, that judgments are conclusive only against the parties thereto or their privies (*See People ex rel. Gilchrist* agt. *Murray*, 73 *N. Y.*, 538, *and cases cited*). But in this case, as the defendant's title depended wholly upon the action of Mayor Cooper, it seems to me that he was privy to the *certiorari* proceedings, and that any claim which he may have had to the position in question, necessarily fell with the reversal of the decision of Mayor Cooper (*People ex rel. Gilchrist* agt. *Murray, supra; People ex rel. Steinert* agt. *Anthony*, 6 *Hun*, 142, *and cases cited; The Mayor* agt. *Flagg*, 6 *Abb. P. R.*, 302; *Rex* agt. *Hebden, Andrews*, 388, *et seq.; Rex* agt. *Grimes*, 5 *Burr*, 2599, 2610; *Rex* agt. *Mayor of York*, 5 *D. & E.*, 66, *et seq.*)

Nor do I deem it necessary that in a case of this character there should have been a judgment of ouster against the defendant before the plaintiff was entitled to bring this action. It seems to be well settled in this state that where one has unlawfully obtained possession of an office to which another had been legally appointed, that the latter may maintain an action against the former for the emoluments or salary attaching to the office and received by the incumbent (*Dolan* agt. *The Mayor*, 68 *N. Y.*, 280, *and cases cited; Platt* agt. *Stout*, 14 *Abb. Pr. R.*, 179). And it is also the settled doctrine in this state that the right to the salary and emoluments of a public office attach to the true and not to the mere colorable title, and that in an action brought by a person claiming to be a public officer for the fees or compensation given by law, his title to the office is in issue, and if that is defective and another has the real right, although not in possession, the plaintiff cannot recover. Actual incumbency merely gives no right to the salary or compensation (*Dolan* agt. *The Mayor*, 68 *N. Y.*, 279, *per* ANDREWS, *J., and cases cited*). If I am right

NEW YORK PRACTICE REPORTS. **451**

in the conclusion that the defendant in this case is bound by the judgment reversing the proceedings of Mayor Cooper, by which he sought to remove the plaintiff from an office to which but for those proceedings the plaintiff was entitled, it follows that the plaintiff is entitled to judgment in this action for the amount claimed by him.

Judgment will be rendered accordingly.